UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

550 SEABREEZE DEVELOPMENT, LLC         Case No. 18-12193-RBR
                                       Chapter 11

        Debtor.
_____/

## DEBTOR'S OMNIBUS RESPONSE TO OBJECTIONS TO SALE MOTION

**550 SEABREEZE DEVELOPMENT, LLC** (the "Debtor"), by and through its undersigned counsel, files this Omnibus Response to the Objections (limited and otherwise) to the Debtor's *Motion for the Entry of an Order (1) Approving Competitive Bidding and Sale Procedures for the Sale of Substantially all of Debtor's Assets, (2) Scheduling Dates to Conduct Auction and Hearing to Consider Final Approval of Sale, Including the Treatment of Executory Contracts, (3) Approving the Form and Manner of Notices, (4) Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of all Liens, Claims, Encumbrances and Interests, and (5) Granting Related Relief* [ECF No. 72] (the "Sale Motion"), filed by (a) Las Olas Ocean Resort Partners, LP [ECF No. 105], (b) Certain EB-5 Investors [ECF Nos. 106 and 107], (c) United Forming, Inc. [ECF No. 112] and (d) Master Plaster, Inc. [ECF No. 109].

In support thereof, the Debtor states as follows:

### PRELIMINARY STATEMENT

On February 26, 2018 (the "Petition Date"), the Debtor filed this chapter 11 case. The Debtor is the owner of a partially completed, 12 story resort hotel to be known as the "Las Olas Ocean Resort" located at 550 Seabreeze Boulevard, Fort Lauderdale, Florida (the "550

Property"). Since the Petition Date, no further construction has occurred on the 550 Property. Notwithstanding, in order to protect and preserve the 550 Property, the Debtor obtained a DIP loan in the amount of $560,709 from certain of its owners.

In addition, since the filing of this chapter 11 case, the Debtor has been working diligently to locate and develop a solution and exit strategy to this chapter 11 case in respect of the 550 Property that is in the best interest of all of its stakeholders. To that end, the Debtor has been able to generate substantial interest in the sale of the 550 Property from a number of interested parties. In fact, the Debtor has entered into 34 confidentiality and non-disclosure agreements with interested purchasers and has provided such potential purchasers with access to a data room full of documents, access to the Debtor's general contractor, Straticon, LLC and tours of the 550 Property.

Based on the level of interest expressed by interested purchasers as well as other factors, the Debtor decided in the exercise of its best business judgment that pursuing a sale of the 550 Property under Section 363 of the Bankruptcy Code was in the best interest of all of its stakeholders. In coming to that decision, the Debtor is and has been cognizant of the fact that no construction has occurred on the 550 Property since late 2017 and, importantly, the fact that the 2018 hurricane season has started, placing the partially completed 550 Property at risk of damage from exposure to the elements. As such, the Debtor believes that monetizing the 550 Property as promptly as possible in critical.

In connection therewith, on June 22, 2018, the Debtor filed the Sale Motion, which is set for hearing on July 18, 2018 at 10:00 a.m. [ECF No. 76]. Pursuant to the Sale Motion, the Debtor seeks the approval of certain Bid Procedures[1] and related protections which will govern

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Sale Motion.

the auction and ultimate sale of the 550 Property. Thereafter, the Debtor entered into a stalking horse asset purchase agreement for the sale of the 550 Property for a purchase price of **$38,600,000** with MHF Properties VI LLC, an affiliate of Magna Hospitality Group (the "Stalking Horse Bidder"). As a result, on July 18, 2018, the Debtor filed a Supplement to the Sale Motion [ECF No. 100] seeking approval of the asset purchase agreement with the Stalking Horse Bidder, together with the approval of certain limited stalking horse protections including a break-up fee.

On July 16, 2018, the following four (4) objections were filed to the Sale Motion, each of which the Debtor addresses and refutes below:

- Objection of Las Olas Ocean Resort Partners, LP to the Debtor's Sale Motion [ECF No. 105] (the "Mezz Lender Sale Objection").

- EB-5 Creditors' Objection to Debtor's Sale Motion [ECF No. 107] and EB-5 Creditors Joinder in the Mezz Lender Sale Objection [ECF No. 106] (collectively, the "EB-5 Sale Objection").

- Master Plaster, Inc. Limited Objection to Debtor's Sale Motion [ECF No. 109] (the "Master Plaster Sale Objection").

- Limited Objection and Reservation of Rights by United Forming, Inc. to Debtor's Sale Motion [ECF No. 112] (the "United Sale Objection") (collectively, the "Objections").

As set forth below in detail, pursuant to Section 363(f) of the Bankruptcy Code, none of the above Objections prevent the Court from granting the relief sought in the Sale Motion and Supplement, including approving the Bid Procedures. In fact, at bottom, each of the above Objections asserts a claim to the **proceeds** of the sale of the 550 Property, with each objector asserting different theories of recovery in connection therewith. Depending on the outcome of the auction proposed in the Bid Procedures, which the Debtor expects to be robust based on the level of interest shown to date by various interested purchasers, the only legitimate conclusion

that can be reached is that all parties in interest are best served by proceeding with the sale and converting the partially-constructed 12 story 550 Property into over $38.6 million in cash (and hopefully well over $38.6 million), with all of the asserted claims attaching to such proceeds pending further order of the Court on the disposition of such proceeds and the various priorities related thereto.

### A. Response and Objection to the Mezz Lender Sale Objection.

Las Olas Ocean Resort Partners, LP (the "Mezzanine Lender") filed the Mezz Lender Sale Objection asserting (i) that the Mezzanine Lender has an "interest" in the 550 Property as such term is used in Section 363 of the Bankruptcy Code, and (ii) as a result the Debtor cannot sell the 550 Property free and clear of the Mezzanine Lender's interest under Section 363(f) without providing the Mezzanine Lender with adequate protection of such interest. To that end, the Mezzanine Lender asks the Court to set an evidentiary hearing to determine the value of a partially constructed unit in the 550 Property because the Mezzanine Lender alleges that it is entitled to receive a total of 60 of such units.

The Mezz Lender Sale Objection is misplaced for several reasons. First, as set forth below, the Mezzanine Lender does not have an "interest" in the 550 Property. Second, and importantly, even if the Mezzanine Lender has an "interest" in the 550 Property as such term is used in Section 363 of the Bankruptcy Code, the Debtor is authorized under Section 363(f) of the Bankruptcy Code to sell the 550 Property free and clear of any such alleged interest because such interest (even if it exists) is subject to a *bona fide* dispute. Specifically, on July 16, 2018, the Debtor filed an Objection [ECF No. 110] (the "Mezz Lender Claim Objection") to Proof of Claim No. 25 (the "Unsecured Claim") and Proof of Claim No. 26 (the "Secured Claim"), each filed by the Mezzanine Lender.

On June 28, 2018, the Mezzanine Lender filed the Unsecured Claim and the Secured Claim, each in the amount of $30 million. The Unsecured Claim is "based on a ***purported guarantee*** provided by the Debtor" to the Mezzanine Lender "of certain indebtedness in the amount of $30,000,000.00…." (emphasis added). *See* Unsecured Claim, p. 4. To be clear, the Mezzanine Lender made a loan in the amount of $30 million to an entity known as Las Olas Mezzanine Borrower, LLC (the "Mezzanine Borrower"). The Mezzanine Borrower is the parent company of the Debtor. The $30 million loan was not made to the Debtor and despite the implication to the contrary in the Unsecured Claim and in the Mezz Lender Objection, the Debtor did not sign a guaranty of such $30 million loan. No such guaranty agreement exits and the Mezzanine Lender is well aware of that fact.

With respect to the Secured Claim filed by the Mezzanine Lender, it is based on a "[c]ontingent secured interest in 60 units at a $500,000 value each", and the basis for the alleged perfection of such contingent secured interest is "paragraph 10 of The Bancorp Bank Loan Agreement." *See* Secured Claim, p. 2.[2] As with the Unsecured Claim above, because the Debtor is not liable on the $30 million loan, the Debtor did not grant any liens on the 550 Property to the Mezzanine Lender, and there is no document in existence that grants the Mezzanine Lender any such "secured interest" or that is recorded against the 550 Property that reflects any such "secured interest." Rather, the Mezzanine Lender relies on "paragraph 10 of The Bancorp Bank Loan Agreement" as the basis for its alleged "secured interest." Notably, the Mezzanine Lender

---

[2] As set forth in the Sale Motion, the Debtor and The Bancorp Bank ("Bancorp") are parties to a certain Loan Agreement, dated November 1, 2013, as amended and restated on September 2, 2015 and related collateral documents, pursuant to which Bancorp agreed to loan the Debtor the maximum amount of $50,000,000.00 in connection with construction on the 550 Property. Pursuant to a certain Mortgage and Security Agreement (the "Mortgage"), the Debtor granted Bancorp a first mortgage lien and security interest in, among other things, the 550 Property. On June 28, 2018, Bancorp assigned the its secured claim, and any other claims it has against the Debtor, to Ocean Hotel Lender, LLC. *See Transfer of Claim other than for Security*, ECF No. 86.

is not a party to such Loan Agreement and the Mortgage in favor of The Bancorp Bank encumbering the 550 Property does not reference any agreement to provide a security interest or any units in the 550 Property to the Mezzanine Lender.

Moreover, the Debtor is not even a party to the operative agreement which forms the basis of the $30 million loan between the Mezzanine Lender and the Mezzanine Borrower, i.e. the Mezzanine Loan Agreement. Still further, the Mezzanine Loan Agreement does not mention the word "guarantee" – by the Debtor or anyone else.[3]

In addition, the Secured Claim filed by the Mezzanine Lender is objectionable as the conditions precedent to such "secured claim" simply have not and will not occur in this chapter 11 case. As discussed above, the Mezzanine Lender relies on Paragraph 10 of the November 1, 2013 Loan Agreement between the Debtor and Bancorp (to which the Mezzanine Lender is not a party) (the "Bancorp Loan Agreement"), which provides that "[s]ubject to the satisfaction of the conditions set forth in this Section 10," upon the occurrence of an Event of Default, Bancorp agreed to allow the Debtor to transfer and convey to Mezzanine Lender up to sixty (60) units at the 550 Property in satisfaction of the obligations of the Mezzanine Borrower. *See* Secured Claim, p. 7.

Further, the Bancorp Loan Agreement provides that the conveyance of the units "shall be allowed only on the satisfaction of the each of the following conditions", which include (a) completion of construction of the project (¶ 10.1), (b) the issuance of a permanent certificate of occupancy which then remains in effect (¶ 10.1), (c) condominium documents in a form and substance satisfactory to Bancorp, and creating the number of units acceptable to Bancorp, have been filed (¶ 10.2), and (d) several other conditions precedent which have not and will not occur

---

[3] The Mezzanine Loan Agreement states in one of the recital paragraphs that the obligations thereunder will be secured by a pledge of the Mezzanine Borrower's ownership interest in the Debtor. Upon information and belief, no such pledge was executed or otherwise granted.

in this case (¶¶ 10.4 through 10.8).  *See* Secured Claim, p. 47.

As set forth in the Sale Motion, the Debtor has commenced a process to sell the 550 Property on an as is, where is basis to the highest and best bidder, subject to this Court's approval.  The Debtor has not and will not complete construction on the 550 Property, and as a result the conditions precedent outlined in Paragraph 10 of the Bancorp Loan Agreement will not be met in this chapter 11 case.  The Mezzanine Lender is simply not entitled to receive any units in the 550 Property.

Lastly, even to the extent that a written agreement existed whereby the Debtor agreed to transfer units at the 550 Property to the Mezzanine Lender, there is no security agreement, UCC filing or other document which states that such obligation is <u>secured</u> by the 550 Property.  It is fundamental that in order for a secured creditor to possess a perfected lien on property of a debtor, there first must be some document which provides as much.[4]

Based on the foregoing, the Debtor may sell the 550 Property free and clear of any claim or "interest" of the Mezzanine Lender pursuant to Section 363(f)(4) of the Bankruptcy Code, with any such claim or "interest" to attach to the proceeds thereof to the extent it exists.

With respect to the request of the Mezzanine Lender for adequate protection of its alleged "interest," the most common form of such adequate protection is for such "interest" to attach to the proceeds of the sale.  *See* Colliers on Bankruptcy, 16th Ed., ¶363.06[9].  Moreover, it is only

---

[4] Under both Florida and Pennsylvania law (the Bancorp documents, to the extent applicable, are governed by the laws of the Commonwealth of Pennsylvania), a lien or a security interest in property requires the existence of an agreement that creates or provides for a security interest in the collateral.  Fla. Stat. § 679.2031(2)(c)(1); *Advantage Funding Corp. v. John Moriarty & Assocs. of Fla., Inc.*, 2017 WL 3106133, at *5 (S.D. Fla. Apr. 24, 2017); *Lankhorst v. Indep. Sav. Plan Co.*, 39 F. Supp. 3d 1359, 1363 (M.D. Fla. 2014), *aff'd*, 787 F.3d 1100 (11th Cir. 2015) ("Under Florida law, a 'security agreement' is an 'agreement that creates or provides for a security interest.' The purpose of the security agreement is to express the parties' intentions with respect to that interest. Florida law therefore requires that the security agreement contain a description of the collateral sufficient to 'reasonably identif[y] what is described."); Pennsylvania Statute 13 Pa.C.S. § 9203(a)(3); *Chambersburg Tr. Co. v. Eichelberger, 403 Pa. Super.* 199, 205, 588 A.2d 549, 552 (1991)("An enforceable security interest is created and attaches when the collateral is in possession of the secured creditor or the debtor signs a security agreement which contains a description of the collateral, value has been given and the debtor has rights in the collateral.").

7

the "value" of such alleged interest in the 550 Property that is entitled to adequate protection. *See United Sav. Ass'n of Tex. V. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.*), 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740 (1988). As a result, if the "interest" alleged to exist in the 550 Property by the Mezzanine Lender is junior to the senior secured debt of the Ocean Hotel Lender LLC, as assignees of The Bancorp Bank, and/or the Claim of Lien filed by Straticon, LLC, the Debtor's general contractor, then the "value" of the Mezzanine Lender's interest will be a function of the sale price that is ultimately achieved at the auction proposed in the Bid Procedures, which will be known at the conclusion of the auction on August 15th. If there is not sufficient value created through the sale process to reach down to the alleged "interest" of the Mezzanine Lender, then there is no "value" to such interest and therefore no requirement to pay the Mezzanine Lender adequate protection. If, however, the Mezzanine Lender's alleged interest in the 550 Property is established by the Mezzanine Lender and there is value created sufficient to pay such alleged "interest," then the alleged "interest" of the Mezzanine Lender is more than adequately protected if it can assert such interest against the proceeds of the sale.

Based on the above, the Mezz Lender Sale Objection should be overruled.

**B.  Response and Objection to the EB-5 Sale Objection.**

In the EB-5 Sale Objection, 21 certain EB-5 investors[5] (i) join in the Mezz Lender Sale Objection, and (ii) argue without any citation to authority that the Stalking Horse Bidder should be required to amend its Asset Purchase Agreement to include the assumption of certain unspecified obligations under the EB-5 Program related to the 550 Property. [6]

---

[5] The 21 parties who filed the EB-5 Sale Objection label themselves in the EB-5 Sale Objection as "the EB-5 Creditors." Despite such self-appointed label, such parties are in fact not creditors of the Debtor.

First, the Debtor asserts that the portion of the EB-5 Sale Objection the joins in the Mezz Lender Sale Objection should be overruled for the same reasons set forth above that the Mezz Lender Sale Objection should be overruled.  In particular, as with the Mezz Lender Sale Objection, the 550 Property may be sold free and clear of any alleged interests of the certain 21 EB-5 Investors (which EB-5 Investors own solely limited partnership interests in the Mezzanine Lender),  pursuant to 11 U.S.C. § 363 (f)(4) because such interests are in *bona fide* dispute.  On July 17, 2018, the Debtor filed Objections [ECF Nos. 113 and 115 through 118] (the "<u>EB-5 Investor Claim Objections</u>") to Proof of Claim Nos. 32 through 34, 36 through 46 and 48 through 54 (the "<u>EB-5 Claims</u>") filed by the 21 EB-5 Investors.[7]

As set forth in the EB-5 Investor Claim Objections, the EB-5 Investors have no claim against the Debtor – secured, unsecured or otherwise.  For the same reason the Mezzanine Lender does not possess valid claims against the Debtor, the EB-5 Investor Claims also fail.  In fact, the EB-5 Investor Claims are even farther removed than those of the Mezzanine Lender since such investors only possess limited partnership interests in the entity that loaned funds to the Mezzanine Borrower (and not the Debtor).

Further, the EB-5 Investors seek to require the Debtor (and any purchaser of the Debtor), to complete the project in conformity with the EB-5 Program, including as identified in a business plan submitted for approval by the U.S. Citizenship and Immigration Services, and to comply with certain requirements for sharing data, expenditures relating to funds lent to the Mezzanine Borrower pre-petition, project completion, operation of facilities, employment of

---

[6] The EB-5 Investors also argue that their alleged loss of permanent residency "cannot be assigned a monetary value."   However, the EB-5 Investors take an inconsistent position to that assertion in an adversary proceeding they filed on July 16, 2018 against several parties seeking compensatory damages related thereto [ECF No. 108]

[7] The EB-5 Investor Claims were filed as general unsecured claims, but in the event such claims assert an "interest in property", the Debtor filed the EB-5 Investor Claim Objections as any such "interest" is in bona fide dispute.

works and other matters related with the EB-5 Program. Putting to one side the EB-5 Investors' lack of standing or any direct claim against the Debtor, the EB-5 Investors provide no legal support for their proposition – which would inhibit the Debtor's right, pursuant to the Bankruptcy Code, to sell the 550 Property to the highest and best bidder, free and clear of liens, claims and encumbrances. Moreover, the request of the EB-5 Investors to require a buyer to include such provision in its asset purchase agreement is nothing short of a request for an extraordinary mandatory injunction in respect of such buyer, which is wholly improper and unsupported.[8] Finally, any such requirement imposed by the Court would certainly "chill" the bidding for the 550 Property.

Based on the foregoing, the EB-5 Sale Objection should be overruled and the Debtor should be allowed to proceed with the sale of the 550 Property free and clear of any interest of the EB-5 Investors pursuant to Section 363(f)(4) of the Bankruptcy Code.

C. **Response and Objection to United Sale Objection.**

Pursuant to the United Sale Objection, United Forming, Inc. ("UFI") asserts that it has a secured lien on the 550 Property and that the Debtor cannot sell the 550 Property free and clear of its asserted lien under Section 363(f). The United Sale Objection is misplaced. The Debtor can sell the 550 Property free and clear of the UFI claim (i) pursuant to 11 U.S.C. § 363 (f)(4) because the claim of UFI is in *bona fide* dispute, and (ii) pursuant to 11 U.S.C. § 363 (f)(5) because UFI could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest.

UFI asserts that it performed certain construction work at the 550 Property and is due the sum of $862,102.03 (the "UFI Claim"). The Debtor's general contractor is Straticon, LLC

---

[8] Nevertheless, in connection with the Debtor's evaluation at any auction of which bid is the highest and best bid, the Debtor will consider any aspect of a bid that includes an agreement by a buyer to comply with the EB-5 Program.

("Straticon"). UFI is a subcontractor for Straticon and does not have a contractual relationship with the Debtor. Straticon filed Claim Number 27-1 in the amount of $8,527,696.26 (the "<u>Straticon Claim</u>"). The UFI Claim is completely included within and subsumed by the Straticon Claim. *See* Straticon Claim, part 4.

Straticon has advised the Debtor that it consents to the Sale Motion. Since UFI is a subcontractor of Straticon, whose claim is completely subsumed and covered by the Straticon Claim, the consent of Straticon to the sale should be imputed to UFI. As such, the sale free and clear of UFI's interest may be approved pursuant to 11 U.S.C. § 363 (f)(2).

Moreover, on July 17, 2018, the Debtor filed an objection to the UFI Claim on the basis that such claim is duplicative of the Straticon Claim [ECF No. 119]. Accordingly, the UFI Claim is in *bona fide* dispute.

Lastly, UFI objected to the Sale Motion to the extent that the proceeds are not sufficient to pay its (duplicative and disputed) claim in full. As this Court has previously stated in *In Re Levitt and Sons, LLC*, 384 B.R. 630 (Bankr. S.D. Fla. 2008), a sale free and clear of junior liens may nevertheless be approved even if the sale proceeds are not sufficient to fully satisfy such liens pursuant to Section 363(f)(5) of the Bankruptcy Code. In *Levitt*, this Court stated:

> The Court may also approve a sale free and clear of liens "if such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f)(5). Courts have established that the term "money satisfaction" does not mean "full money satisfaction". *In re Grand Slam U.S.A.,* 178 B.R. 460, 461 (E.D.Mich.1995)(holding that requiring full money satisfaction "is inconsistent with the Bankruptcy Code"); *In re Healthco Int'l, Inc.,* 174 B.R. 174, 176 (Bankr.D.Mass.1994)(Construing "money satisfaction of such interest" appearing in subparagraph (f)(5) to mean a payment constituting less than full payment of the underlying debt. Because any lien can always be discharged by full payment of the underlying debt, there would be no sense in subparagraph (f)(5) authorizing a sale only if that could be done.). Thus, this Court

> could approve sales pursuant to § 363(f)(5) provided that a legal or equitable proceeding existed that could force a junior lien holder to accept a payment of less than the full amount of the security interest.
>
> It is important to focus on the hypothetical nature of language of § 363(f)(5). The section provides that as long as the junior interest "could be compelled" it is sufficient to authorize a § 363(f)(5) sale. There is no requirement that the legal or equitable proceeding compelling the acceptance of less than full value actually occur prior to the § 363(f)(5) sale, or if at all. Furthermore, if the "legal or equitable proceeding" contemplated by § 363(f)(5) would result in the junior lien holder receiving nothing, then a § 363(f)(5) sale that pays them nothing or gives them an unsecured claim to be redeemed for some dollar amount would appear to be permissible. *See e.g. Scherer v. Federal Nat'l Mortgage Ass'n (In re Terrace Chalet Apartments Ltd.),* 159 B.R. 821, 829 (N.D.Ill.1993)(adopting the view "authoriz[ing] the sale and consequent lien extinguishment if the creditor could be crammed down pursuant to Section 1129(b)(2)"); *In re Gulf States Steel,* 285 B.R. 497, 508 (Bankr.N.D.Ala.2002)(noting that "Section 363(f)(5) permits a sale free and clear if the trustee can demonstrate the existence of another legal mechanism by which a lien could be extinguished without full satisfaction of the secured debt.").

*Id*. at 648.

Because UFI could be compelled to accept a money satisfaction of its interest in a legal or equitable proceeding (such as a foreclosure sale), the Sale Motion can be approved over the United Sale Objection pursuant to 11 U.S.C. § 363 (f)(5).

    **D.  <u>Response and Objection to the Master Plaster Sale Objection.</u>**

As to the Master Plaster Sale Objection, the Debtor asserts that the 550 Property may be sold free and clear of the liens and claims of Master Plaster, Inc. ("Master Plaster") for the same reasons it may be sold free and clear of the liens and claims of UFI.  Master Plaster is a subcontractor of Straticon, and its claim is completely subsumed and covered by the Straticon Claim.  *See* Straticon Claim, part 4.  Straticon consented to the sale, and such consent should be

imputed to Master Plaster. The Debtor also objected to the duplicative claim of Master Plaster [ECF No. 120]. Lastly, Master Plaster could be compelled in a legal or equitable proceeding to accept a money satisfaction of its interest.

Accordingly, the Sale Motion may be approved free and clear of any interest of Master Plaster pursuant to 11 U.S.C. § 363 (f)(2), (4) and (5).

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order (i) overruling the Objections described herein, (ii) granting the Sale Motion as modified by the Supplement, and (iii) granting such other and further relief as is proper.

Respectfully submitted on July 17, 2018.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
*Attorneys for Debtors-in-Possession*
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:  /s/    *Paul J. Battista*
    Paul J. Battista, Esq.
    Florida Bar No. 884162
    pbattista@gjb-law.com
    Glenn D. Moses, Esq.
    Fla. Bar No. 174556
    gmoses@gjb-law.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 17th day of July, 2018 to all interested parties registered to receive e-mail notice/service for this case, via the CM/ECF Notice of Electronic Filing and/or via U.S. Mail as indicated on the attached Service List.

By:  /s/    *Paul J. Battista*
    Paul J. Battista, Esq.

# SERVICE LIST

**Notice will be electronically served via CM/ECF to:**

Paul J. Battista, Esq on behalf of Debtor 550 Seabreeze Development LLC
pbattista@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com

Jeffrey S. Berlowitz on behalf of Creditor N1 Critical Technologies, Inc.
jberlowitz@srhl-law.com, jortega@srhl-law.com

Steven J Carroll on behalf of Creditor United Forming, Inc.
jcarroll@fmglaw.com

Jesse R Cloyd on behalf of Creditor Painting Concepts, Inc.
jrc@trippscott.com, bankruptcy@trippscott.com;eservice@trippscott.com;hbb@trippscott.com

Marcelo Diaz-Cortes on behalf of Creditor Chunyan Xu
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Jianfa Xie
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Jianfeng Huang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Jinhong Wang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Lianshan Jia
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Lie Lin
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Lin Ma
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Peihua Yang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Pengxiang Ni
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Pingning Guo
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Rui Wang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Tao Zhang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Tong Wang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Xia Cao
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Ye Tian
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Yi Liu
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Yuee Qing
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Yuesheng Qin
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Zhiwen Yang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Zuoling Huang
md@lklsg.com, ah@lklsg.com

Marcelo Diaz-Cortes on behalf of Creditor Zuoyang Wang
md@lklsg.com, ah@lklsg.com

Ashley J Dillman Bruce on behalf of Interested Party Eugene Kessler
adbruce@bergersingerman.com,
efile@bergersingerman.com;cphillips@bergersingerman.com;efile@ecf.inforuptcy.com

Ashley J Dillman Bruce on behalf of Interested Party Jack Kessler
adbruce@bergersingerman.com,
efile@bergersingerman.com;cphillips@bergersingerman.com;efile@ecf.inforuptcy.com

Ashley J Dillman Bruce on behalf of Interested Party Kenneth Bernstein
adbruce@bergersingerman.com,
efile@bergersingerman.com;cphillips@bergersingerman.com;efile@ecf.inforuptcy.com

Paige A Greenlee on behalf of Creditor FATA Automation, Inc.
paige@greenleelawtampa.com, joelle@greenleelawtampa.com

Heather L Harmon, Esq on behalf of Debtor 550 Seabreeze Development LLC
HHarmon@gjb-law.com, gjbecf@gjb-law.com;ecastellanos@gjb-law.com;gjbecf@ecf.courtdrive.com;jzamora@gjb-law.com

John B. Hutton III, Esq. on behalf of Creditor Aston Hotels & Resorts Florida, LLC
huttonj@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com

Jason Z. Jones, Esq. on behalf of Creditor Central Broward Construction, Inc.
jjones@joneslawpa.com

Thomas R. Lehman, Esq. on behalf of Creditor Chunyan Xu
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Jianfa Xie
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Jianfeng Huang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Jinhong Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Lianshan Jia
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Lie Lin
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Lin Ma
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Peihua Yang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Pengxiang Ni
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Pingning Guo
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Rui Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Tao Zhang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Tong Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Xia Cao
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Ye Tian
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Yi Liu
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Yuee Qing
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Yuesheng Qin
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Zhiwen Yang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Zuoling Huang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Creditor Zuoyang Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Chunyan Xu
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Jianfa Xie
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Jianfeng Huang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Jinhong Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Lianshan Jia
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Lin Lie
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Lin Ma
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Peihua Yang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Pengxiang Ni
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Pingning Guo
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Rui Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Tao Zang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Tong Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Xia Cao
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Ye Tian
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Yi Liu
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Yuee Qing
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Yuesheng Qin
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Zhiwen Yang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Zouyang Wang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Thomas R. Lehman, Esq. on behalf of Plaintiff Zuoling Huang
trl@lklsg.com, esf@lklsg.com;ar@lklsg.com

Niurka L. Lopez on behalf of Creditor Solution Construction, Inc.
nlopez@nll-law.com

Aleida Martinez Molina on behalf of Creditor Master Plaster, Inc.
amartinez@wsh-law.com, jfuentes@wsh-law.com

Glenn D Moses, Esq on behalf of Debtor 550 Seabreeze Development LLC
gmoses@gjb-law.com, gjbecf@gjb-law.com;chopkins@gjb-law.com;jzamora@gjb-law.com;gjbecf@ecf.courtdrive.com;ecastellanos@gjb-law.com

Nicole M Noel on behalf of Creditor Allied Building Products Corp.
bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Chad S Paiva on behalf of Creditor Sunryse Construction Services, Inc.
chad.paiva@gmlaw.com, katrina.bankert@gmlaw.com;leslie.marder@gmlaw.com

Dana R Quick on behalf of Creditor Fire Pak, Inc.
dquick@bastamron.com, jdepina@bastamron.com;jmiranda@bastamron.com

Jordan L Rappaport, Esq on behalf of Creditor C.I. Energia Solar S.A., Inc.
office@rorlawfirm.com, 1678370420@filings.docketbird.com

Patricia A Redmond on behalf of Creditor Las Olas Ocean Resort GP, LLC
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese@akingump.com

Patricia A Redmond on behalf of Creditor Las Olas Ocean Resort Partners LP
predmond@stearnsweaver.com, jmartinez@stearnsweaver.com;rross@stearnsweaver.com;cgraver@stearnsweaver.com;sdaddese@akingump.com

Damaris D Rosich-Schwartz on behalf of U.S. Trustee Office of the US Trustee
Damaris.D.Rosich-Schwartz@usdoj.gov

Patrick S. Scott, Esq. on behalf of Creditor Hall of Fame Associates
patrick.scott@gray-robinson.com

R Scott Shuker on behalf of Interested Party MHF Properties VI LLC
bknotice@lseblaw.com, rshuker@lseblaw.com;jocasio@lseblaw.com

Paul Steven Singerman, Esq on behalf of Interested Party Eugene Kessler
singerman@bergersingerman.com,
mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Paul Steven Singerman, Esq on behalf of Interested Party Jack Kessler
singerman@bergersingerman.com,
mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Paul Steven Singerman, Esq on behalf of Interested Party Kenneth Bernstein
singerman@bergersingerman.com,
mdiaz@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com

Jeffrey I. Snyder, Esq. on behalf of Creditor Ocean Hotel Lender LLC
jsnyder@bilzin.com, eservice@bilzin.com;lflores@bilzin.com

Angela J Wallace on behalf of Creditor Broward County
ajwallace@broward.org, swulfekuhle@broward.org

Aaron A Wernick on behalf of Creditor Straticon, LLC
awernick@furrcohen.com, cworkinger@furrcohen.com;atty_furrcohen@bluestylus.com;ltitus@furrcohen.com

**Notice will be sent via U.S. Mail and/or E-mail to:**

Han Liang
One Penn Plaza #2015
New York, NY 10119

Raymond Parello
Turnberry Associates
19501 Biscayne Blvd #400
Aventura, FL 33180

Matthew Sava
One Penn Plaza #2015
New York, NY 10119
Via e-mail at:
sava@reidwise.com
hliang@reidwise.com

The Bancorp Bank
Bilzin Sumberg Baena Price & Alexrod LLP
1450 Brickell Avenue,23rd Floor
Miami, FL 33131

Jeffrey C. Schneider, P.A.
Thomas R. Lehman, P.A.
Marceo Diaz-Cortes, Esq.
Levine Kellogg Lehman Schneider + Grossman LLP
Citigroup Center 22nd Floor
201 S. Biscayne Blvd.
Miami, FL 33131

Freeman, Mathis & Gary, LLP,
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339