UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:                                                                 Case No. 18-12193-RBR

550 SEABREEZE DEVELOPMENT LLC.                 Chapter 11

       Debtor.
_____/

**EB-5 CREDITORS' OMNIBUS RESPONSE
TO DEBTOR'S OBJECTIONS TO CLAIMS**

      Jinhong Wang, Zuoyang Wang, Jianfa Xie, Pingning Guo, Tao Zhang, Ye Tian, Lie Lin, Xia Cao, Lin Ma, Tong Wang, Pengxiang Ni, Chunyan Xu, Rui Wang, Yi Liu, Yuesheng Qin, Jianfeng Huang, Yuee Qing, Zhiwen Yang, Zuoling Huang, Peihua Yang, and Lianshan Jia (collectively, the "EB-5 Creditors"), pursuant to Fed. R. Bankr. P. 3007 and Local Rule 3007-1, respond to Debtor 550 Seabreeze Development LLC's (the "Debtor") objections to the EB-5 Creditors' claims [ECF Nos. 113, 115, 116, 117, 118] (collectively, the "Objections"), as follows:

      1.     On July 2, 2018, the EB-5 Creditors filed claims against the estate based on the Debtor's pre-petition fraudulent conduct that caused them to purchase limited partnership interests in Las Olas Ocean Resort Partners, L.P. ("Mezzanine Lender"). Specifically, the Debtor, while under the control of its principals and in concert with the Bancorp Bank ("Bancorp"), falsely represented to the EB-5 Creditors that Bancorp, as senior construction lender, would protect the EB-5 Creditors' investments in the Mezzanine Lender and Mezzanine Lender's loan to fund loan to fund the project from an uncured monetary default on Debtor's construction loan by releasing units in the hotel resort to be constructed at 550 Seabreeze Boulevard, Fort Lauderdale, Florida (the "Seabreeze Project") from its senior lien for their ultimate benefit as investors in

Mezzanine Lender. *See* Claim Nos. 32–34, 36–46, and 48–54 (the "Claims").[1] In other words, the EB-5 Creditors were led to believe that their investment in Mezzanine Lender would have the benefit of some portion of the project being released from Bancorp's lien and the Debtor free to transfer the released portions of the project if there were an uncured monetary default on the Debtor's construction loan with Bancorp. Based on these representations, the EB-5 Creditors each invested $500,000 in Mezzanine Lender and Bancorp then agreed to make its construction loan. Had they known that the Debtor (and Bancorp) did not intend to provide such protections in their loan documents, the EB-5 Creditors would not have made the investments and purchased limited partnership interests in Mezzanine Lender. Thus, the EB-5 Creditors' Claims are based on personal torts that harmed them directly.

    2.    The Debtor objected to the Claims

> (a) on the basis that it is duplicative of the claims filed by Las Olas Resort Partners, LP (Claim Nos. 25 and 26) and (b) for the reasons set forth in ECF No. 111 (a copy will be provided to counsel for claimant upon request), which is the Debtor's objection to Claim Nos. 25 and 26 filed by [Mezzanine Lender]. Moreover, the Debtor objects to such claim to the extent that claimant asserts an "interest" in property owned by the Debtor including because the claim was filed as an unsecured claim.

[ECF Nos. 113, 115, 116, 117, 118]. The Mezzanine Lender's claims (Claim Nos. 25 and 26) are based on the Debtor's direct obligations to the partnership. Debtor disputes the Mezzanine Lender's claims because it argues that it is not liable to the Mezzanine Lender under the relevant loan agreement or other known document. [*See* ECF No. 110].

---

[1] In addition to the Claims, the EB-5 Creditors brought action against Las Olas Mezzanine Borrower LLC (Debtor's parent company), The Bancorp Bank (the original lender), Messrs. Parello, Bernstein, Kessler, and Kessler (the Debtor's principals), and Ocean Hotel Lender, LLC (the buyer of the secured loan). *See Wang et al. v. Las Olas Mezzanine Borrower LLC et al.*, Adv. Pro. 18-12193-RBR (Bankr. S.D. Fla.).

3.  This is irrelevant to the Claims by the EB-5 Creditors, which are based on direct causes of action against the Debtor for its fraudulent conduct. *See Medkser v. Feingold*, 307 Fed. Appx. 262, 265 (11th Cir. 2008). Thus, "the reasons set forth in ECF No. 111 [sic]" are inapplicable to the Claims.

4.  Nor are the Claims duplicative of the Mezzanine Lender's claims based on its relationship with the Debtor. The damages sought by the EB-5 Creditors against the Debtor (and the other participants in the fraud) are not based on a guarantee or security interest provided by the Debtor. Instead, the EB-5 Creditors seek damages based on them being tricked into purchasing limited partnership interests they would have otherwise not purchased. In other words, the Debtor's liability to the Mezzanine Lender under the terms of their relationship does not affect the Debtor's liability for tricking the EB-5 Creditors into investing in the Mezzanine Lender.

5.  Accordingly, the Debtor's Objections are without merit.

**WHEREFORE**, the EB-5 Creditors respectfully request entry of an order overruling the Objections and allowing the Claims, along with such other relief the Court deems just and proper.

Date: August 16, 2018                                   Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for EB-5 Creditors*
Citigroup Center, 22nd Floor
201 South Biscayne Boulevard
Miami, FL 33131
Telephone (305) 403-8788
Facsimile (305) 403-8789

By: */s/ Thomas R. Lehman*
JEFFREY C. SCHNEIDER, P.A.

        Florida Bar No. 933244
        Primary: jcs@lklsg.com
        Secondary: lv@lklsg.com
        THOMAS R. LEHMAN, P.A.
        Florida Bar No. 351318
        Primary: trl@lklsg.com
        Secondary: ar@lklsg.com
        MARCELO DIAZ-CORTES, ESQ.
        Florida Bar No. 118166
        Primary: md@lklsg.com
        Secondary: ah@lklsg.com

        -and-

        **REID & WISE LLC**
        *Counsel for the EB-5 Creditors*

        By: */s/ Matthew Sava*
        Matthew Sava, Esq.
        Han Liang, Esq.
        *Pro hac vice*
        One Penn Plaza, Suite 2015
        New York, NY 10119
        P : 212-858-9968
        C : 917-885-2430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the forgoing EB-5 Creditors' Omnibus Response to Debtor's Objections to Claims was served on August 16, 2018 via the Court's CM/ECF filing system to all recipients registered to receive notices of electronic filings generated by CM/ECF for this case.

        By: */s/ Thomas R. Lehman*
            Thomas R. Lehman, P.A.