UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re:**

**550 SEABREEZE DEVELOPMENT, LLC,**  Case No. 18-12193-RBR

Chapter 11

      **Debtor.**
_____/

**DEBTOR'S EXPEDITED MOTION TO MAKE AN INTERIM DISTRIBUTION
TO SENIOR SECURED CREDITOR FROM PROCEEDS OF SALE**

**(Expedited Hearing Requested)**

**The Debtor seeks to have this Motion heard on an expedited basis in order to prevent the further depletion of estate resources based on the continued acccrual of default interest on the secured claim of the Debtor's senior secured lender.**

**550 SEABREEZE DEVELOPMENT, LLC** (the "Debtor"), by and through its undersigned counsel, files this Expedited Motion to Make an Interim Distribution to Senior Secured Creditor from Proceeds of Sale (the "Motion") and states as follows:

**Introduction**

1.    On February 26, 2018 (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. Since that time, the Debtor has operated as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.    As of August 23, 2018, the Debtor's principal asset was a partially completed, 12 story resort hotel to be known as the "Las Olas Ocean Resort" located at 550 Seabreeze Boulevard, Fort Lauderdale Florida (the "Property").

**Sale of Property**

3.     On August 17, 2018, this Court entered an *Order (I) Approving the Sale of Substantially all of the Debtor's Assets Free and Clear of Liens, Claims, Encumbrances and Interests and (II) Granting Related Relief* (the "Sale Order") [ECF No. 143]. Pursuant to the Sale Order, the Debtor was authorized to sell the Property to its stalking horse bidder, MHF Las Olas VI LLC, for a purchase price equal to $39,100,000.00 (the "Purchase Price"), with all liens, claims, encumbrances and interests on the Property to attach to the proceeds of the sale.

4.     On August 23, 2018, the Debtor closed on the sale of the Property to MHF Las Olas VI LLC. *See* ECF No. 147. At the closing and from the Purchase Price, the Debtor paid its share of the pro-rated portion of the 2018 real estate taxes on the Property. Thereafter, the Court entered an order authorizing the Debtor to pay the 2017 real estate taxes on the Property. *See* ECF No. 153. As a result, after the payment of such taxes, the Debtor is in possession of net sale proceeds in the amount of $39,005,457.39 the ("Net Sale Proceeds").

**Senior Secured Mortgage Loan - Bancorp/Ocean Hotel Lender**

5.     The Debtor and The Bancorp Bank ("Bancorp") are parties to a certain Loan Agreement, dated November 1, 2013, as amended and restated on September 2, 2015 and related collateral documents (each as further amended, restated, supplemented or otherwise modified, collectively the "Loan Documents"), pursuant to which Bancorp agreed to loan the Debtor the maximum amount of $50,000,000.00 in connection with construction on the Property (the "Loan"). Pursuant to a certain Mortgage and Security Agreement, the Debtor granted Bancorp a first mortgage lien and security interest in, among other things, the 550 Property.

6.     In late 2017, the Property was damaged by Hurricane Irma. As result, the debtor

submitted an insurance claim for such damage (the "Insurance Claim").  Since then, the Debtor has been working on documenting the Insurance Claim and working with the insurance company and its adjusters to finalize and receive payment on such Insurance Claim.

7.    Bancorp has asserted that the outstanding borrowings by the Debtor under the Loan Documents are secured by substantially all of the Debtor's assets, namely the Property and the Insurance Claim.

8.    On June 28, 2018, Bancorp filed Proof of Claim No. 23-2 (the "Claim") asserting a secured claim in the amount of $37,898,215.86 excluding certain fees and costs.  As set forth in the Claim, Bancorp asserts that the principal amount due under the Loan in the amount of $36,943,639.69 (the "Principal Amount").

9.    On June 28, 2018, Bancorp assigned the Claim, and any other claims it has against the Debtor, to Ocean Hotel Lender, LLC ("OHL"). *See Transfer of Claim other than for Security*, ECF No. 86.

10.   OHL asserts that, as of August 8, 2018, the total amount due it as the senior secured lender and assignee of Bancorp equals $40,424,373.00.

11.   Further, OHL asserts that interest continues to accrue under the Loan at a default rate of interest in the approximate amount of $340,000 per month.

**Relief Requested**

12.   By this Motion, the Debtor seeks to make an interim distribution to OHL on its Claim in an amount equal to the Principal Amount ($36,943,639.69) (the "Distribution"), which Distribution would be made without prejudice to and without waiving any claims or causes of action that the Debtor or any other party in interest has or may have against OHL or Bancorp.  The Debtor

requests that the order arising out of this Motion specifically include such reservation of rights. After the Distribution proposed herein, the Debtor would continue to hold an amount equal to approximately $2,062,000.

13. The Debtor continues to evaluate and investigate certain claims and causes of action that it believes it has against Bancorp (and by the assignment, against OHL). The Debtor believes that there is a good faith basis to partially challenge the extent, validity and/or amount of the Claim. The Debtor has been in discussions with and is attempting to resolve such issues with OHL on an amicable basis. If and when the Debtor reaches an agreement with OHL on these issues, then the Debtor will seek the Court's approval of any such agreement under Bankruptcy Rule 9019. If no agreement can be reached, then the Debtor expects to formerly object to the Claim and proceed with litigation in connection therewith. In order to avoid any confusion in respect of this Motion and the relief sought by the Debtor herein, nothing in this Motion should be construed as an acknowledgment by the Debtor of the extent, validity and/or priority of the Claim.

14. Notwithstanding the foregoing, the Debtor believes that it is prudent and appropriate exercise of its business judgment to make the Distribution to OHL at this time as promptly as possible. The relief sought by the Debtor herein will substantially reduce, if not ultimately eliminate, the continued accrual of default interest on the Claim. While the Property was the principal asset of the Debtor, the Insurance Claim is a valuable asset of the Debtor on which OHL claims a secured lien. Pursuant to Section 506 of the Bankruptcy Code, OHL asserts that its Claim continues to accrue post-petition interest (at the default rate) and reasonable attorneys' fees and costs up to the full amount of the Insurance Claim. As a result, any further delay in the payment of at least the Principal Amount to OHL will quickly erode and eliminate any equity interest the Debtor may

4

have in the Insurance Claim.

15. The payment of the Principal Amount to OHL at this time will not prejudice the Debtor or the Debtor's estate, and in fact will preserve assets of the estate potentially for other creditors besides OHL.

16. Notwithstanding the above, the Debtor is aware that there is a pending lawsuit against Bancorp, OHL and others filed by a group of investors self-described as the "EB-5 Creditors", *see Jinhong Wang, et.al. v. Las Olas Mezzanine Borrower LLC, et. al.*, Adv. No. 18-01277 (the "EB-5 Lawsuit"). In the EB-5 Lawsuit, the EB-5 Creditors seek to equitably subordinate OHL's lien. However, as set forth below, nothing in the EB-5 Lawsuit precludes or should preclude the Debtor from making the Distribution to OHL with a full reservation of rights at this time.

17. First, the Debtor has objected to each claim filed by the EB-5 Creditors and asserts that such individuals do not hold claims against the estate.[1] Second, in addition to the objections filed by the Debtor, the standing of the EB-5 Creditors has been brought into question through motions to dismiss the EB-5 Lawsuit filed by OHL and other defendants therein based on, among other things, statute of limitations defenses. *See* ECF Nos. 26 and 28 in the EB-5 Lawsuit.

18. If the EB-5 Creditors object to this Motion and seek to prevent the Debtor from making the Distribution to OHL at this time, any such objection would necessarily amount to a request for an improper pre-judgment attachment against the Net Sale Proceeds in favor of the EB-5 Creditors. In fact, not only is there no legal basis for a pre-judgment attachment, but the EB-5 Creditors do not seek any sort of pre-judgment attachment in the EB-5 Lawsuit, which is where such

---

[1] On July 17, 2018, the Debtor filed Objections [ECF Nos. 113 and 115 through 118] to Proof of Claim Nos. 32 through 34, 36 through 46 and 48 through 54 filed by the 21 EB-5 Creditors.

relief would need to be sought by the EB-5 Creditors if at all. In addition, if the EB-5 Creditors seek such a pre-judgment attachment against some or all of the sale proceeds, then the Debtor's estate would need to be protected against the continued accrual of default interest on the Claim, which could only be done by the EB-5 Creditors posting a sufficient bond in favor of the estate. Lastly, neither the EB-5 Creditors nor any other party in interest is prejudiced by the proposed Distribution because any and all claims or causes of action that they assert or might assert against OHL are preserved.

**WHEREFORE**, the Debtor respectfully requests the Court enter an Order (i) granting this Motion, (ii) authorizing the Debtor to make an interim distribution to OCL at this time in the amount of $36,943,639.69 without prejudice and with a full reservation of rights, and (iii) granting such other relief as the Court deems appropriate.

Respectfully submitted on September 12, 2018,

GENOVESE JOBLOVE & BATTISTA, P.A.
Attorneys for Debtor-in-Possession
4400 Miami Tower
100 Southeast Second Street
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

By:  /s/ Glenn D. Moses
      Paul J. Battista, Esq.
      Florida Bar No. 884162
      pbattista@gjb-law.com
      Glenn D. Moses, Esq.
      Florida Bar No. 174556
      gmoses@gjb-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF notification on this 12th day of September, 2018.

By: /s/ Glenn D. Moses
Glenn D. Moses, Esq.