UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

In re:                                                                          Case No. 18-12193-RBR

550 SEABREEZE DEVELOPMENT LLC.                     Chapter 11

        Debtor.
_____/

## EB-5 CREDITORS' OBJECTION TO DEBTOR'S EXPEDITED MOTION TO MAKE AN INTERIM DISTRIBUTION TO SENIOR SECURED CREDITOR FROM PROCEEDS OF SALE

Jinhong Wang, Zuoyang Wang, Jianfa Xie, Pingning Guo, Tao Zhang, Ye Tian, Lie Lin, Xia Cao, Lin Ma, Tong Wang, Pengxiang Ni, Chunyan Xu, Rui Wang, Yi Liu, Yuesheng Qin, Jianfeng Huang, Yuee Qing, Zhiwen Yang, Zuoling Huang, Peihua Yang, and Lianshan Jia (collectively, the "EB-5 Creditors"), object to Debtor 550 Seabreeze Development LLC's (the "Debtor") Expedited Motion to Make an Interim Distribution to Senior Secured Creditor from Proceeds of Sale [ECF No. 158] (the "Motion"), as follows:

1.     The Debtor's principal asset was a partially-built hotel resort at 550 Seabreeze Boulevard, Fort Lauderdale, Florida (the "Seabreeze Property"). On August 23, 2018, the Debtor closed on the sale of the Seabreeze Property, resulting in net sales proceeds of $39,005,457.39 (the "Proceeds") to the Debtor. Now, the Debtor seeks to apply almost $37 million of the Proceeds to pay Ocean Hotel Lender LLC's ("OHL") secured claim (Claim No. 23-2). OHL stated its debt as of October 17, 2018 was $41.3 million, $4 to $5 million more than what it would be paid if the Motion is granted. The Motion does not state whether OHL agrees to release its secured claim against the $2 million balance remaining in the estate.

2. However, OHL's claim is not an allowed claim. Instead, OHL's claim is the subject of an equitable subordination action brought by the EB-5 Creditors in *Wang et al. v. Las Olas Mezzanine Borrower LLC et al.*, Adv. No. 18-01277 (the "EB-5 Lawsuit"), based on the egregious and/or inequitable conduct of OHL's predecessor in interest, the Bancorp Bank ("Bancorp") that harmed the EB-5 Creditors. An interim distribution that does not preserve the recovery of the $10.5 million subordination claim sought by EB-5 Creditors against OHL would, therefore, operate to strip away the EB-5 Creditors' remedy against OHL in the EB-5 Lawsuit.

3. Also, not mentioned in the expedited Motion is OHL's additional, non-debtor collateral for its debt that is the subject of OHL's federal court foreclosure suit against the Debtor's affiliate and insider, JAWOF 515 Seabreeze, LLC ("JAWOF"), and its property (the "515 Property"). *See Ocean Hotel Lender LLC v. 550 Seabreeze Development LLC et al.*, 0:18-cv-60171-RNS (S.D. Fla.) (the "Foreclosure Action"). The Foreclosure Action is pending and no longer subject to the automatic stay.[1] *See* 11 U.S.C. § 362(c)(1).

4. As explained by Las Olas Ocean Resort Partner, LP, another creditor of the Debtor, in its Objection to the Debtor's Motion for Interim Distribution, [ECF No. 165], JAWOF granted a mortgage on the 515 Property to Bancorp (as OHL's predecessor) and, along with the Debtor, represented to the EB-5 Creditors that the 515 Property was previously valued at $12,570,000 and was to be included in the Seabreeze Project as the principals' capital contribution. Las Olas Ocean Resort Partners, LP is also filing an adversary proceeding requesting marshaling of the Debtor's assets. [ECF No. 164]. The EB-5 Creditors agree that

---

[1] On September 10, 2018, Judge Scola ordered the parties to file a status report by September 21, 2018. *See* Foreclosure Action at ECF No. 55.

equity requires liquidation of the 515 Property before OHL receives proceeds from the bankruptcy estate.

5. As well, OHL is pursuing an action in the Court of Common Pleas of Philadelphia County, Pennsylvania, against JAWOF and the Debtor's principals based on their guaranties provided in connection with the debt owed to OHL. *See Ocean Hotel Lender LLC v. Bernstein et al.*, Case No. 18-01-03421 (Pa. D. & C.). This is yet another source for OHL to recover its debt.

6. Accordingly, the interim distribution sought by the Debtor will not "preserve assets of the estate potentially for other creditors besides OHL." (Motion at 5). On the contrary, the Debtor's proposed distribution positions (a) OHL for a windfall if it is paid the $37 million and obtains the value of the 515 Property through foreclosure; or (b) a windfall for the Debtor's affiliate (JAWOF) if OHL declines to proceed with its mortgage foreclosure of the 515 Property and JAWOF keeps the 515 Property. Either result would be inequitable and leave the estate with virtually nothing for distribution to other creditors.

7. This Objection is not (as the Debtor suggests) an improper request for pre-judgment attachment against OHL. Instead, it is a request to (i) maintain the status quo while the Court resolves the EB-5 Lawsuit and the Debtor's objections to the EB-5 Creditors' claims and (ii) prevent OHL and/or JAWOF from recovering the value of the 515 Property for themselves, a windfall at the expense of creditors in this case. The Court should thus deny the Motion.

8. Alternatively, should this Court grant the Motion and permit the interim distribution, the EB-5 Creditors request that it do so subject to the Court retaining jurisdiction to recover from OHL some or all of the interim distribution, namely, the sum of the value of OHL's recovery on the 515 Property and the amount of any award to the EB-5 Creditors in the EB-5

Lawsuit. Such interim distribution should also be coupled with a prohibition against OHL transferring any of Proceeds received for less than reasonably equivalent value.

9. This relief is consistent with the nature of interim distributions as interlocutory and recoverable by the estate if later found to be excessive or improper and would reduce the prejudice facing the EB-5 Creditors. *See In re M. Pallella & Sons, Inc.*, 85 B.R. 965, 971 (Bankr. E.D. Pa. 1988) (noting that an interim distribution to a creditor on account of its secured claim is recoverable by the trustee "if [the secured creditor] is shown to have received a sum greater than that to which it was entitled" and citing cases in support thereof).

**WHEREFORE**, the EB-5 Creditors respectfully request entry of an order denying the Motion, or, in the alternative, that the Court retain jurisdiction to recover the Proceeds from OHL and prohibiting OHL from transferring any of Proceeds received for less than reasonably equivalent value, along with such other relief the Court deems just and proper.

Date: September 18, 2018

Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for EB-5 Creditors*
Citigroup Center, 22nd Floor
201 South Biscayne Boulevard
Miami, FL 33131
Telephone (305) 403-8788
Facsimile (305) 403-8789

By: /s/ *Thomas R. Lehman*
JEFFREY C. SCHNEIDER, P.A.
Florida Bar No. 933244
Primary: jcs@lklsg.com
Secondary: lv@lklsg.com
THOMAS R. LEHMAN, P.A.
Florida Bar No. 351318
Primary: trl@lklsg.com

       Secondary: ar@lklsg.com
       MARCELO DIAZ-CORTES, ESQ.
       Florida Bar No. 118166
       Primary: md@lklsg.com
       Secondary: ah@lklsg.com

-and-

**REID & WISE LLC**
*Counsel for the EB-5 Creditors*

By: */s/ Matthew Sava*
Matthew Sava, Esq.
Han Liang, Esq.
*Pro hac vice*
One Penn Plaza, Suite 2015
New York, NY 10119
P : 212-858-9968
C : 917-885-2430


## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the forgoing Objection was served on September 18, 2018 via the Court's CM/ECF filing system to all recipients registered to receive notices of electronic filings generated by CM/ECF for this case.

       By: */s/ Thomas R. Lehman*
              Thomas R. Lehman, P.A.